[No. C053925. Third Dist. Nov. 5, 2007.]

THE PEOPLE, Plaintiff and Respondent, v.
CHRISTINA HARTLEY, Defendant and Appellant.

[No. C053927. Third Dist. Nov. 5, 2007.]

THE PEOPLE, Plaintiff and Respondent, v.
JOSE HUERTA, Defendant and Appellant.

[No. C053937. Third Dist. Nov. 5, 2007.]

THE PEOPLE, Plaintiff and Respondent, v.
MONICA ROWLAND, Defendant and Appellant.

## COUNSEL

Barry Melton, Public Defender, Jessie Morris, Jr., and Bret E. Bandley, Deputy Public Defenders, for Defendants and Appellants.

Edmund G. Brown, Jr., Attorney General, Dane R. Gillette and Michael P. Farrell, Assistant Attorneys General, Julie A. Hokans and John A. Bachman, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**SIMS, J.**—At the time of these proceedings in the trial court, in 2006, Penal Code former section 1210.1, subdivision (d)(1) (a part of Prop. 36; hereafter section 1210.1(d)(1)), provided:[1]

"(d) Dismissal of charges upon successful completion of drug treatment

"(1) At any time after completion of drug treatment, *a defendant may petition the sentencing court for dismissal of the charges.* If the court finds that the defendant successfully completed drug treatment, and substantially complied with the conditions of probation, the conviction on which the probation was based shall be set aside and the court shall dismiss the

---

[1] Section 1210.1 was amended effective July 12, 2006 (Stats. 2006, ch. 63, § 7, enacting Sen. Bill No. 1137 (2005–2006 Reg. Sess.)); however, a preliminary injunction was issued on September 14, 2006, enjoining the People "from taking any action to implement, enforce or give effect to Senate Bill 1137 . . . until such time as a trial on the merits may be had or until further notice of this court." (*Gardner v. Schwarzenegger* (Super. Ct. Alameda County, 2006, No. RG06-278911.) At the time of filing this opinion the injunction is still in effect.

indictment, complaint, or information against the defendant. In addition, except as provided in paragraphs (2) and (3), both the arrest and the conviction shall be deemed never to have occurred. Except as provided in paragraph (2) or (3), the defendant shall thereafter be released from all penalties and disabilities resulting from the offense of which he or she has been convicted." (Italics added.)

Defendants Jose Huerta, Monica Rowland, and Christina Hartley were on Proposition 36 probation in Yolo County.

Sometime prior to June 2, 2006, the Yolo County Probation Department sent defendants letters "indicating they may qualify for early termination of probation," as well as a form, which they were asked to sign and return. By signing the form, defendants "request[ed] in writing early termination of probation."

On June 2, 2006, the probation department filed petitions recommending (1) early termination of defendants' probation, (2) defendants be permitted to withdraw their "no contest" pleas and enter pleas of "not guilty," (3) the informations or complaints filed against them be dismissed, and (4) defendants "be released from all penalties and disabilities resulting from the . . . offense[s] or crime[s] for which [they] [were] convicted . . . , as provided under . . . [s]ection 1210.1(d)(1)." According to the petitions, defendants "ha[d] demonstrated good conduct and reform and ha[d] substantially complied with the conditions of said probation; and [are] now entitled to take the proceedings of early termination as authorized by . . . [s]ection 1210.1(d)."

The People opposed the petitions, arguing among other things, that section 1210.1(d)(1) "does not appear to establish an affirmative role or standing for the probation officer to make this [petition] on the defendant's behalf."

Defendants were present at the consolidated hearing on the petitions and represented by counsel, who argued, among other things, that "[P]robation is not forcing [defendants] to do this. It is coming from the defendant[s]. It is coming through the defendant[s] by probation."

Although the trial court questioned whether the People's argument elevated form over substance, it ultimately concluded a "[d]efendant has to come on their own or through their counsel," and not through the probation department. The court added, "there appears to be no statutory authority for that approach." Accordingly, the court denied the petitions, "without prejudice, so each of the defendants can bring [a petition] on their own with concurrence of probation, if they choose."

Defendants have appealed.[2]

We think the trial court took too literal a view of section 1210.1(d)(1).

■ " '[T]he "plain meaning" rule does not prohibit a court from determining whether the literal meaning of a statute comports with its purpose or whether such a construction of one provision is consistent with other provisions of the statute. The meaning of a statute may not be determined from a single word or sentence; the words must be construed in context, and provisions relating to the same subject matter must be harmonized to the extent possible. [Citation.] Literal construction should not prevail if it is contrary to the legislative intent apparent in the statute. The intent prevails over the letter, and the letter will, if possible, be so read as to conform to the spirit of the act.' (*Lungren v. Deukmejian* (1988) 45 Cal.3d 727, 735 [248 Cal.Rptr. 115, 755 P.2d 299].)" (*People v. King* (1993) 5 Cal.4th 59, 69 [19 Cal.Rptr.2d 233, 851 P.2d 27].) This rule applies to statutes that have been adopted by the voters. (See *Lungren v. Deukmejian, supra,* 45 Cal.3d at p. 735.)

■ Here, the petitions were filed not only with defendants' consent but at their written request. Defendants were present at the hearing on the petitions and were represented by counsel, who affirmed that the petitions were brought at defendants' behest. Under these circumstances, we conclude *defendants* petitioned the court within the meaning of section 1210.1(d)(1), notwithstanding the fact that the petitions were filed by the probation department.

■ Moreover, we must give a statute a reasonable and commonsense interpretation consistent with the apparent purpose and intention of the voters, practical rather than technical in nature, which upon application will result in wise policy rather than mischief or absurdity. (*Renee J. v. Superior Court* (2001) 26 Cal.4th 735, 744 [110 Cal.Rptr.2d 828, 28 P.3d 876].) We note that having the probation department investigate, prepare, and file these kinds of petitions is markedly more efficient and economical than having public attorneys retrieve information from the probation department then prepare petitions, all at the expense of the taxpayers.

For these reasons, we conclude the trial court erred in denying the petitions on the ground they had been prepared and filed by the probation department.

---

[2] The appeal is authorized as from an order after judgment. (Pen. Code, § 1237, subd. (b).)

## DISPOSITION

The judgments are reversed, and the matters are remanded to the trial court for a determination on the merits of the petitions.

Scotland, P. J., and Cantil-Sakauye, J., concurred.